**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEP - 7 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Brian Anderson,                           )
                                          )
                Plaintiff,                )
                                          )
        v.                                )    Civil Action No.    **12 1478**
                                          )
Federal Bureau of Prisons,                )
                                          )
                Defendant.                )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and

application to proceed *in forma pauperis*.  The application will be granted and the complaint

will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint

upon a determination that the complaint fails to state a claim upon which relief may be

granted).

        Plaintiff is a prisoner at the Federal Correctional Institution in Bastrop, Texas, suing

under the Privacy Act, 5 U.S.C. § 552a.  Plaintiff seeks correction of alleged erroneous

information contained in his inmate central file and declaratory relief.  *See* Compl. at 1, 3.

        Plaintiff's claim fails because BOP has exempted its Inmate Central Record System from

the Privacy Act's accuracy and amendment requirements (subsections (d) and (e)(5)).  28 C.F.R.

§ 16.97(a)(4); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per

curiam) ("Under regulations . . . presentence reports and BOP inmate records systems are

exempt from the amendment provisions of the Act"); *see Martinez v. Bureau of Prisons*, 444

1

F.3d 620, 624 (D.C. Cir. 2006) ("The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act[.]") (citations omitted).  And "[h]aving exempted its records from the substantive provision regarding the agency's record keeping obligations, BOP effectively deprives litigants of a remedy for any harm caused by the agency's substandard recordkeeping." *Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 65 (D.D.C. 2009), *aff'd*, No. 10-5016, 2010 WL 4340408 (D.C. Cir. Oct. 19, 2010) (per curiam); *see Lopez v. Huff*, 508 F. Supp. 2d 71, 77 (D.D.C. 2007) ("To the extent that plaintiff is seeking to have his [presentence investigation report] amended, such relief is not available because the BOP has properly exempted its inmate central files, where such documents are kept, from the [Privacy Act's] amendment requirements.") (citations omitted).  The Court cannot award declaratory relief in the absence of a claim.  *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011).  A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

DATE: August __2/__, 2012

2